## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1998A12271 |
| | § | |
| vs. | § | |
| | § | |
| Fonda S. Fisher | | |

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Macomb County, Michigan within the jurisdiction of this Court and may be served with service of process at 24051 Harrison Street, Clinton Township, Michigan 48035.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $3,627.84 |
| B. Current Capitalized Interest Balance and Accrued Interest | $6,563.07 |
| C. Administrative Fee, Costs, Penalties | $8.02 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

E. Attorneys fees                                                                $0.00

**Total Owed**                                                              **$10,198.93**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding

attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate

of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior

payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4.  Demand has been made upon the defendant for payment of the indebtedness, and the

defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date

of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. §

1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
    Holzman Corkery, PLLC
    Attorneys for Plaintiff
    Tamara Pearson (P56265)
    28366 Franklin Road
    Southfield, Michigan 48034
    (248) 352-4340
    usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Fonda S. Fisher

Address: 16556 Turner
Detroit, MI 48221
SSN No:

Total debt due United States as of 7/28/97:     $5,798.17

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $3,627.84 from 7/28/97 at the annual rate of 8.00%. Interest accrues on the principal amount of this debt at the rate of $0.80 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 3/3/87 & 3/16/88 the debtor executed promissory note(s) to secure loan(s) from Citibank (NYS) N.A., Rochester, NY & Merchants National Bank of Topeka c/o Loan Processing Center, Lincoln, NE under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 1/27/89 & 7/1/89 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $228.47, thereby increasing the principal balance due to $3,627.84.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $3,627.84 |
| Interest: | $2,162.31 |
| Administrative/Collection Costs: | $8.02 |
| Penalties: | $0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

AUG 7   1997
_____
Date

_____
Loan Analyst
Litigation Branch

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

## GUARANTEED STUDENT LOAN PROMISSORY NOTE

**A IMPORTANT · READ THIS INFORMATION CAREFULLY**

The terms "I" and "me" refer to the borrower.

| | |
|---|---|
| Your Name | FONDA S. FISHER |
| Your SSN | |
| Your Address | 6104 BURNS |
| Your City State ZIP | DETROIT MI 48213 |

1. I will read the Promissory Note before I fill it out. If I have any questions I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.

2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.

3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:

   a) the total dollar amount of my loan  c) the dollar amount of the origination fee I will pay  e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay  d) the dollar amount of the guarantee fee I will pay  f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.
I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions

**B PROMISE TO PAY**

I, _Fonda Fisher_ promise to pay to the order of

CITIBANK (NYS) N.A.

PO Box 22829  Rochester, NY  14692

All of the following amounts.

1) The entire Loan Amount Requested or such lesser amount as is loaned (LOAN AMOUNT)

REQUESTED $ **1000.00** FF

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the application interest rate on this loan will be 6%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7% or 9%, the applicable interest rate on this loan will be the same as that of the other loan(s). If I have no outstanding Guaranteed Student Loans my applicable interest rate on this loan will be 8%.

I further understand that if I am eligible for federal interest benefits, as requested in Section B, the Secretary of Education (Secretary) will during the period that I defer payments on this basis (including during the grace period described in Section D below, and for such time that my loan payments are deferred as allowed by Section F below).

3) The guarantee fee (which is 1½% per annum of the Loan Amount) for the period of my in school period plus six months. The fee will be deducted from the amounts disbursed to me. This charge is not subject to refund except for the amount which I have to any disbursement I do not receive, which will, at the lender's option, be applied to my loan balance or be returned to me

4) The Origination Fee, which will be deducted from the amounts of the loan. The fee is determined by federal law and will be collected on my disbursement amounts. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and the terms of this Promissory Note will be interpreted in accordance with such chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this loan will be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin at the end of my grace period. However, during the grace period I may, at my option, begin repayment. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period during any deferment period if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. If it is determined that interest is not payable by the Secretary, the lender may not attempt to collect it. I shall however, choose to pay this interest myself.

2) The repayment period begins and I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

3) The lender may add any interest to the unpaid principal balance in the manner and at the time when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay the loan within 15 years of the date of this Promissory Note over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans GSL and PLUS including those of my spouse, are at least $600 or the amount of the unpaid principal balance, whichever is less. These terms apply to all my loans, GSL and PLUS

   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5 and 15-year periods mentioned above.

4) If during the grace period, I request a shorter repayment period the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years

5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval however the lender must inform me of these terms in writing at the latest address that I have provided to the lender

6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I may be entitled to a refund of unearned interest. The amount of any such rebate will be computed by the same method by which interest payments were computed.

HEAF Form 207A, 03-86

### F DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side. It is my responsibility to notify the lender if I am in any situation which may entitle me to a deferment. I agree to comply with the relevant federal regulations and HEAF including without limitation submission of required forms to the lender.

### G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay the loan in accordance with the terms established under Section D, I may request the lender to grant me a modification. I understand that a modification of repayment terms under this section is different from Deferment. I also understand that a modification of repayment terms under this section may result in an increase in my responsibility for payment of interest which the Secretary might otherwise pay on a deferment basis or may add to the principal balance of the loan.

### H. DEFAULT & ACCELERATION

If I default on the loan, the lender may declare the entire unpaid amount of the loan, including interest, due and payable. A default may also make me ineligible for any other federal student financial aid and under HEAF regulations governing GSLP, any of the following will be a default:

1) Failing to make any payment when due

2) Making a false representation to the lender for purposes of obtaining a loan

3) Using the loan proceeds for other than educational purposes

4) Failing to enroll at the school that certified the application for the time specified in the period

5) Failing to repay the loan to individuals and entities or to be less than an one-half of the time for the graduate or undergraduate

If I default, the lender may also charge me reasonable collection fees and other costs incurred by federal law and regulations. If I default, the lender may also report the status of this loan to a credit bureau organization.

### I. CREDIT BUREAU NOTIFICATION

The lender may report information about this loan to credit bureau organizations. A negative credit report reflecting on my credit record may be submitted to a credit bureau organization if I fail to fulfill the terms of my credit obligations. If permitted by law, the lender may disclose information about the status of this loan to any credit bureau organization.

### J. LATE CHARGES

If permitted by law, the lender may require from me a late charge of 5 cents for each dollar of any installment payment not received within 10 days after its due date. I understand that if I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**NOTICE TO BORROWER**
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER

X _Fonda Fisher_  3-3-87

398495

LENDER COPY

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulations governing the GSLP:

1. While I am enrolled in

   A. Full-time study at a school that is participating in the GSLP (however, only citizens or nationals may attend schools outside of the U.S.);

   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);

   C. A graduate fellowship program approved by the Secretary of Education; or

   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while serving:

   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;

   B. Serving as a Peace Corps Volunteer;

   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);

   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c) (3) of the Internal Revenue Code of 1954, if the service is comparable to service performed in the Peace Corps or ACTION programs; or

   E. Temporarily totally disabled, as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by my spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician.

3. For a period not exceeding 2 years pursuant to the internship or residency program required for me to gain professional recognition required to begin professional practice or service.

4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written notice of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan on the schedule established under Section D, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

   1) A short period of time in which no payments are due;
   2) A reasonable extension of time for making payments.
   3) Making smaller payments than were originally scheduled.

I understand that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

## REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note.)

Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

By _____   By _____
        Thomas M. Fiecki

Its _____   Its _____
   Citibank Student Loan Center
   (Manager)                   Date   2-22-89

321 88 338/06 14/2 2-8-90

**NSLP Nebraska Student Loan Program Application/Promissory Note**   MAR 15 1989   GSL

**WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.**

**SECTION I—TO BE COMPLETED BY STUDENT BORROWER**   Type or print clearly with a ballpoint pen. Read the instructions carefully.

| 1. Social Security Number | 2. Last Name | First | M.I. | 3. Birth Date (Mo./Day/Yr.) |
|---|---|---|---|---|
| | Fisher | Fonda | S | |

2. ... City: Det  State: MI  ZIP Code + 4: 48213

| 4. Home Area Code/Telephone Number | 5. Permanent Home Address Street |
|---|---|
| (313) 923 8115 | 6109 Burns |

6. U.S. Citizenship Status
- X (a) U.S. Citizen, National or related status
- ☐ (b) Permanent Resident or Eligible Noncitizen (See instructions)
- ☐ (c) Neither a nor b (See instructions)
- Alien Registration # _____

7. Driver's License Number  State MICH  Z
8. State of Legal Residence  State MICH  Since 1962

9. Have you ever defaulted on an educational loan? (See instructions) ☐ Yes ☒ No  If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt.

11. Intended Enrollment: (See instructions.)
- ☒ Full-time
- ☐ At least half-time
- ☐ Less than half-time

12. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☒ Yes ☐ No

13. What period do you want this loan to cover?  From: (Mo./Yr.) 3-88  To: (Mo./Yr.) 10-88

14. While in School, You Intend To Live ("X" One)  ☐ With Parents  ☐ On Campus  ☒ Off Campus
Address 6109 Burns  Det MI 48213  Phone (313) 923 8115

15. Major  Q  Use Code on page 4 of instructions.

16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts? ☒ Yes ☐ No  If yes, list below. (See instructions) If no, write none and go to 17. Attach a separate sheet if more space is needed.

| Name of Lender | City & State of Lender | Unpaid Balance | Interest Rate | Loan Period Begin | Loan Period End | Loan Type GSL, FISL, PLUS etc. | Student Grade Level |
|---|---|---|---|---|---|---|---|
| City Bank | Rochester, N/C | $ 778.00 | 8 % | 1/87 | 1/88 | GISL | 151 |
| | | $ | % | | | | |
| | | $ | % | | | | |

17. (a) Endorser (if any), Parent or Guardian (Circle one)
Name Irma Tubbs
Address 3960 17th
City, State, ZIP Ecorse MI 48229
Phone-I (   )

(b) Adult Relative, Friend or Separated Parent (Circle one)
Name Marie Bade
Address 16556 Turner
City, State, ZIP Detroit MI 48221
Phone-H (   )

(c) Other Adult Relative or Friend (Circle one)
Name Will T McQueen
Address 42600 Duane
City, State, ZIP Detroit MI 48203
Phone-H (   )

**SECTION II—TO BE COMPLETED BY SCHOOL**

| 19. Name of School | 20. For School Use | 21. School Code | Branch I.D. |
|---|---|---|---|
| Michigan Computer Inst. | 0 | 023264 | |

| 22. Address Street | City | State | ZIP Code + 4 | 23. Area Code/Telephone Number |
|---|---|---|---|---|
| 20770 Greenfield | Oak Park, Mi. | | 48237 | (313) 968 1919 |

24A. Loan Period (Mo./Day/Yr.)  From: 3/15/88  To: 11/30/88

24B. Loan Period Covers:
- __ Quarters
- __ Semesters
- ✓ Clock Hours

25. Borrower Grade Level
- Correspondence 0 ☐
- Undergraduate 1 ☐ 2 ☒ 3 ☐ 4 ☐ 5 ☐
- Graduate/Professional 6 ☐ 7 ☐ 8 ☐ 9 ☐

26. Dependency Status
- ☐ Dependent
- ☒ Independent

27. Anticipated Graduation Date (Mo./Day/Yr.)  11/30/88

| 28. Estimated Cost of Education for Loan Period | 29. Estimated Financial Aid for Loan Period | 30. Expected Family Contribution for Loan Period | 31. Difference (Item 28 minus Items 29 and 30) | 32. Amount School Approves |
|---|---|---|---|---|
| $ 26,719 | $ 2100 | $ 2290 | $ 22,329 | $ 2625 |

33. My signature certifies that I have read and agreed to the School Certification on the reverse side.  Date 3-14-88
Signature of School Official: Kenneth M. Watson  pmj
Print Name & Title: Kenneth M. Watson, Dir. FA.

34. Suggested Disbursement Dates (Mo./Day/Yr.)
1. 3-18-88
2. ___
3. ___

**SECTION III—TO BE COMPLETED BY LENDER**

35. Name of Lender  **Merchants National Bank of Topeka c/o Loan Processing Center**

36. For Lender Use  0

37. Scheduled Disbursement Amounts and Dates (Mo./Day/Yr.)
1. $ 2625  3 16 88
2. $ ___
3. $ ___
Total $ 2625

| 38. Address | City | State | ZIP Code + 4 | 39. Area Code/Telephone Number |
|---|---|---|---|---|
| P.O. Box 6961 | Lincoln | NE | 68506 | (913) 291-1213 |

40. Signature of Authorized Lending Official: Sharon Boger, tlf

41. Lender Code  804725

42. Print or Type Name and Title: **Sharon Boger, Student Loans**

43. Date (Mo./Day/Yr.) 3/15/88

44. NSLP USE

45. List current borrower indebtedness at your institution (see instructions)
GSL/FISL $ ___   PLUS/SLS/ALAS $ ___

**BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE.**

BORROWER: UPON COMPLETION SUBMIT LENDER, NSLP AND SCHOOL COPIES (AS A SET) TO THE SCHOOL. KEEP THE BOOKLET AND BORROWER COPY FOR YOUR RECORDS.

LENDER   Page 5

Promissory Note (Separated from Application/Promissory Note)

**B. Date Note Becomes Due:** I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period. My grace that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grac however, I may request that my repayment period begin on an earlier date.

**C. Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full. The Secretary of E (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments mac behalf under the regulations governing the GSL Program. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from m however, choose to pay this interest myself. Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period of deferment described under DEFERMEI Borrower's Rights and Responsibilities. The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulatio guarantor governing the GSL Program. All payments will be made to your address as set forth in Paragraph A.

**D. The Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain ir coverage on this loan. The lender will deduct this premium proportionately from each disbursement of principal on this loan.

**The Origination Fee:** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. Th may deduct this fee from the proceeds of the loan.

**E. Default and Acceleration:** Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances w Secretary or the NSLP finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for (1) 180 days fc repayable in monthly installments; or (2) 240 days for a loan repayable in less frequent installments. If I default on this loan (1) the lender may declare the entire unpaid amount of l including interest, immediately due and payable; (2) the lender, holder or NSLP may disclose to schools I have attended (or am currently attending) information about the default; (3) ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentiv Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans, PLUS Loans or Consolidation Loans; and (4) I will be ineligibl benefits described under Deferment and Interest in this Promissory Note.

**F. Collection Costs-Late Charges:** If I fail to pay any and regulations for the collection of these amoun which do not exceed 25 percent of the unpaid pr installment payment within 10 days after it is d Promissory Note. A late charge may not exceed t

**G. Prepayment:** I may, at my option and without pen paid.

**H. Additional Agreements:** (1) The proceeds of this to me, including my Disclosure Statement, will be insist that I comply with any terms of this Note is i to repay my loan(s) because I have defaulted, NSL loan will be cancelled if I die or become totally or l any, signs the Promissory Note in the capacity of a nonpayment, protest, and notice of protest, and ac with Section I of this Promissory Note or modifici

**I. Deferment:** You will let me pay interest only, if suci in default, and I can provide you with written evide condition entitling me to the deferment no longer i

**J. Repayment in Installments:** I will repay the total a outstanding principal balance plus any unpaid inte Disclosure which shows the repayment terms that include all loans I have received from you under the more than 10 years after this Note becomes due, nc shorter than 5 years. However, I may at any time la repayment period for all my GSL, PLUS and SLS i balance of all such loans plus accrued interest, if k

**K. Credit Bureau Notification:** If I default on this loa ability to obtain other credit. If I default on this lc bureau organizations unless I enter into repayment bureau organization and must make a timely respor about me. If not otherwise prohibited by law, the le

**L. Borrower Rights and Responsibilities:** Before signi

**M. Transfer of Note:** This Note may be transferred to a of any such transfer in writing.

## ASSIGNMENT OF PROMISSORY NOTE

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without re- course, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party against the undersigned; and
   b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.
   c) warrants that to the extent it has knowledge of any insolvency pro- ceeding it has disclosed the same to NSLP.

2. Acknowledges that:
   a) upon payment in full by NSLP of the claim submitted by the under- signed pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

*C. Hitchcock*                    *2-7-90*

SIGNATURE                              DATE

NAME                                   TITLE

8908APN01

ey's fees - that are permitted by Fed ictions Act, I will pay those collectic arge if I fail to pay all or part of a i red as described under Defermen

rebate of any unearned interest tha

y Note. (2) Any notice required to k any endorser. (3) Your failure to en (4) If NSLP is required under its gu der to enforce this Note against me. ner holder of this Note. (7) The end mand, presentment for payment, n withstanding any deferment in accc

ny repayment period has begun if I sibilities. I must notify my lender wl ptions.

d in Paragraph E, in which case the ragraph B, you will send me a Rep this Note. The Repayment Disclosu lyments for a period of not less tha I may agree to a repayment period irs. My total payments for any yeal l on any GSL, PLUS or SLS Loan

ny significantly and adversely affi out the default will be disclosed to ipayment status of this loan to any nd completeness of information re

in page 13 of this booklet.

irties as set forth herein. I will be n

nformation contained in Section I c der any refund which may be due nent of Education, NSLP or their a g., employment, enrollment status ial expenses for the loan period co be attributed to meeting my educa

### Borrower Certification

I declare under penalty of perjury under the laws of the application is true, complete and correct to the best of r up to the amount of this loan. I further authorize any sc and to redisclose to other educational institutions for ar other aspects of my student loan borrowing history). I c by this application at the school named in Section II. I expenses related to attendance in that school for the loan period stated in Item 24A. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, F (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Gra State Student Incentive Grant that I received to attend any school and am not now in default on a Perkins Loan (formerly National Direct or Defense Student Loan), Guaranteed Student l Federally Insured Student Loan, PLUS Loan, SLS Loan, or an ALAS Loan for attendance at any school. I further authorize my lending institution to issue a check covering the proceeds c loan, in full, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II. I have read and understand the "State of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, late charges, and other inform pertinent to my loan(s). I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application/Promissory Note, the information o Disclosure Statement applies.

### School Certification

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student, is in good standing and is making satisfactory progress in a prog determined to be eligible for the Guaranteed Student Loan Program. I further certify (for periods of enrollment beginning on or after July 1, 1987) that this student is enrolled or accepter enrollment in a degree or certificate program. Based on records available to me, I further certify that this student is neither in default nor owes a refund with respect to financial assistance u Title IV of the Higher Education Act of 1965, as amended, for attendance at this or any school, and that the information provided in Section II is true, complete, and correct to the best o knowledge a satisfied the requirements under the Selective Service Act necessary to receive financial a further certi

I D 1                                       SSN
CLAIM NO 1992050082124 08-07-92

FISHER, FONDA, S